AO 91 (Rev. 11/11) Criminal Complaint (Rev. by USAO on 3/12/20)   ☐ Original   ☐ Duplicate Original

# UNITED STATES DISTRICT COURT

for the

Central District of California

LODGED
CLERK, U.S. DISTRICT COURT
04/10/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: ___AP___ DEPUTY

FILED
CLERK, U.S. DISTRICT COURT
4/10/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: ___D.C.___ DEPUTY

United States of America,
　　　Plaintiff,

v.

Jorge Ernesto Vazquez-Solano,
　　　Defendant

Case No. 5:25-mj-00194

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, Kathy Martinez, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about April 9, 2025, in the county of Riverside in the Central District of California, the defendant violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) | Illegal Alien Found in the U.S. Following Deportation/Removal |

This criminal complaint is based on these facts:

　*Please see attached affidavit.*

☒ Continued on the attached sheet.

/s/ Pursuant to Fed. R. Crim. P. 4.1
*Complainant's signature*

Kathy Martinez, Border Patrol Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: 4/10/25

City and state: Riverside, California

Hon. Shashi H. Kewalramani
U.S. Magistrate Judge
*Printed name and title*

AUSA: John D. Ellis (x12468)

**AFFIDAVIT**

I, Kathy Martinez, being duly sworn, declare and state as follows:

## I. PURPOSE OF AFFIDAVIT

1. This affidavit is made in support of a criminal complaint and arrest warrant against JORGE ERNESTO VAZQUEZ-SOLANO ("defendant") charging him with violating Title 8, United States Code, Section 1326(a), Illegal Alien Found in the United States Following Deportation or Removal.

2. The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from law enforcement personnel and witnesses. This affidavit is intended to show that there is sufficient probable cause for the requested complaint and warrant and does not purport to set forth all my knowledge of or investigation into this matter. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

## II. BACKGROUND OF BORDER PATROL AGENT KATHY MARTINEZ

3. I am a Border Patrol Agent ("BPA") with the United States Department of Homeland Security ("DHS"), United States Border Patrol ("USBP"). I have been a BPA since 2021. I am currently assigned to the Yuma, Arizona, Border Patrol station and detailed to the Yuma Sector Prosecution Unit.

## III. STATEMENT OF PROBABLE CAUSE

4. On April 9, 2025, BPA Joel Rios was assigned to traffic-check duties on Interstate 10 ("I-10") in Blythe,

California. BPA Rios was in his full USBP uniform and in a marked USBP vehicle that identified him as a law enforcement officer. BPA Rios was conducting roving patrol operations while traveling eastbound on I-10 near Ford Dry Lake. This area of I-10 is a common corridor for drug trafficking.

5. At approximately 10:00 a.m., BPA Rios saw a 2017 GMC Yukon ("the vehicle") bearing an Arizona license plate traveling eastbound on I-10. While traveling in the right lane of I-10 at approximately 75 miles per hour, BPA Rios approached the vehicle and saw an object or another passenger in the rear of the vehicle. BPA Rios began conducting record checks using DHS databases. As he approached the vehicle, the vehicle substantially reduced its speed. BPA Rios moved to the left lane to circumvent traffic while maintaining his view of the vehicle.

6. While passing the vehicle, BPA Rios saw the driver of the vehicle stare straight ahead with his hands positioned near the top of the steering wheel. BPA Rios looked in the driver's direction for an extended period. The driver continued to look forward and did not look in BPA Rios's direction. In BPA Rios's experience, drivers involved in criminal activity will often look straight ahead when approached by a marked Border Patrol vehicle and will not look over at that vehicle. In contrast, the general motoring public typically becomes curious when a Border Patrol vehicle pulls alongside them and will look over or glance at the Border Patrol vehicle.

7. BPA Rios passed then vehicle, then moved to the righthand lane of I-10 while continuing to conduct a records check on the vehicle.

8. The records check indicated that the vehicle was registered to an individual who had encountered Immigration and Customs Enforcement ("ICE") on November 16, 2010, and was subsequently issued a Warrant of Arrest/Notice to Appear for entering the United States illegally.

9. The vehicle continued to travel at a speed substantially slower than the flow of traffic on I-10. BPA Rios saw many vehicles, including semi-trucks, pass the vehicle. In BPA Rios's experience, drivers involved in criminal activity will often slow in speed when they see a law enforcement vehicle in the hope that the law enforcement vehicle will pass them.

10. BPA Rios exited I-10 to allow the vehicle to pass. After a few minutes, BPA Rios re-entered I-10 and approached the vehicle, which was now traveling at a speed consistent with the flow of traffic. BPA Rios saw the driver of the vehicle looking out of the side mirror. As soon as the driver of the vehicle noticed BPA Rios's vehicle, the driver of the vehicle immediately applied the vehicle's brakes and moved from the left lane the right lane of I-10.

11. Based on the foregoing, BPA Rios decided to stop the vehicle for an immigration inspection. BPA Rios activated his Border Patrol vehicle emergency equipment, and the driver yielded on I-10 near Neighbors Boulevard in Blythe, California.

12. BPA Rios approached the vehicle and identified himself as a BPA. When asked for identification, the driver of the vehicle, later identified as defendant, showed BPA Rios a picture of a Mexican driver's license. When asked about the ownership of the vehicle, defendant stated that he did not know who it belonged to.

13. While conducting the immigration inspection, record checks revealed that defendant had been previously deported or removed from the United States to Mexico on or around February 25, 2011. BPA Rios asked defendant if defendant requested permission or applied for legal re-entry into the United States. Defendant stated that he illegally re-entered the United States on April 1, 2022, by walking through the desert near San Luis, Arizona.

14. At approximately 10:35 a.m., BPA Rios arrested defendant and transported him to the Blythe Border Patrol Station.

15. When an alien is fingerprinted by ICE, or its predecessor, the Immigration and Naturalization Service, the individual is issued a Fingerprint Identification Number ("FIN"). The FIN is then associated with the individual's A-number, a unique identifier assigned to aliens encountered in the United States.

16. Defendant was fingerprinted in connection with his arrest on April 9, 2025. Defendant's fingerprints (FIN 14979873) matched A-number A201 034 367, which is assigned to

"JORGE ERNESTO VAZQUEZ-SOLANO," a previously deported Mexican national.

  17. On or about April 10, 2025, I reviewed the printouts of DHS computer indices relating to defendant. Records checks revealed that defendant is a citizen of Mexico. Based on my training and experience, I know that the DHS computer indices track and document each time an alien is deported or excluded from the United States by USBP, was deported or excluded by ICE (or its predecessor, the INS) or is granted permission to enter or re-enter the United States. The DHS computer indices confirmed that defendant had been removed, deported, and/or excluded from the United States to Mexico on or around February 25, 2011. The DHS computer indices further indicated that defendant had not applied for, or obtained from the Attorney General or the Secretary of Homeland Security, permission to re-enter the United States.

//
//
//

## IV. CONCLUSION

18. For all the reasons described above, there is probable cause to believe that defendant has committed a violation of Title 8, United States Code, Section 1326(a), Illegal Alien Found in the United States Following Deportation or Removal.

Attested to by the applicant in
accordance with the requirements
of Fed. R. Crim. P. 4.1 by
telephone on this 10th day of
April 2025.

_____
HON. SHASHI H. KEWALRAMANI
UNITED STATES MAGISTRATE JUDGE